on behalf of the appellant Kendra Davidson, and I'll be aware of the time, but I'll reserve two minutes for rebuttal. Thank you, Your Honor. Your Honor, in this case, Ms. Davidson has made a sufficient preliminary showing to entitle her to an evidentiary hearing regarding how and why information about her partner, Jeremy Dolinsky, with whom she cohabitated, why information about his medical marijuana card was not included in a search warrant affidavit to search their home for possession of marijuana. Now, the State of Nevada has had for over ten years a comprehensive statutory scheme to place medicinal marijuana on the same footing as any other prescription drug, and it is there in the presence or vicinity of that medical marijuana. Well, what did she say about marijuana when she was confronted by the police? Well, we don't know exactly what she said because there was no evidentiary hearing, but we do know if we look at the search warrant affidavit that what the officer tells the judge is that she said there was, it's an absolutely, it's absolutely neutral as to ownership. In the affidavit, what the officer says is she But why was there no affidavit in the record from Ms. Davidson explaining exactly what she said to Detective Bluth about the marijuana in the car and in the house? Your Honor, a decision was made that such an affidavit wasn't necessary if you compare the police report to the search warrant application in this case. Now, were there to be an evidentiary hearing, she would still have the absolute right to testify if needed, or she could make the decision that after counsel's cross-examination and the judge's credibility finding that such testimony wasn't necessary. The report, depending on how you read it, is not clear on whether there's a statement that says, yes, that she, that what the police officer wrote, he didn't quote her, but where he wrote she admitted to having it in her house, the very next statement refers to her boyfriend, I think, being, having a medical marijuana license or ability to have marijuana in the house. Yes. So if I understand your point, we don't know if she was admitting to actual possession or constructive possession. Well, there's no, there couldn't possibly be actual possession here, because there's no search warrant if it was direct possession, constructive possession. Well, we don't know if she's admitting to it being her own marijuana in her house or that she has marijuana in the house and because it's her boyfriend's. Yes. We don't know. It is not clear. So if we're in equipoise on that. So what we do know is we look at the police report, and she says in the same breath as she says there's marijuana in my home, immediately following, at least according to the police report, because, again, there was no hearing, so we don't know exactly how this happened, but it appears that in the same breath she's providing, presumably by way of explanation, I have a boyfriend, he has a medical marijuana card. There would be no reason for her to bring up her boyfriend if she wasn't trying to explain to the officer why there's marijuana in her home. I mean, there was no reason. If the marijuana belonged to the boyfriend, she'd certainly say it's my boyfriend's marijuana. Your Honor, we don't know what she said. According to Detective Beluse's narrative, it says when asked, Davidson admitted to possessing an eighth of an ounce of marijuana in her vehicle. Davidson also admitted to possessing a small amount of marijuana in her residence. That's why it's kind of surprising that there's no affidavit or declaration from her saying I didn't say that. I mean, this is the state of the record. The judge below took a look at it and said it's not going to make any difference. Your Honor, what Ms. Davidson said was absolutely neutral as to ownership, but we do know, according to the police report, that right after she says there's marijuana in my house, she says my boyfriend has a medical marijuana card. There's no reason that I can think of why anybody would say that were it not to provide an explanation to that police officer. Why she had it? Why she had it. Or else it's just that it makes no sense. It's a non sequitur. And then you look at the search warrant application in this case, and the search warrant application, it's literally the only thing that's omitted. And what there are two particularly troubling things about this search warrant application. One is that this officer, he starts discussing Mr. Delinsky with the judge, and he tells him that Mr. Delinsky, not Ms. Davidson, had a past tense grow in their shed. And he does that so that he can get this judge to give him permission to search the shed of their home. And even then, the officer doesn't breathe a word about this Mr. Delinsky's medical marijuana card. And I'll also add that this ---- What's your best case, though, suggesting that the information omitted by Detective Bluth was material? The best case that the information was material? I think that Nevada's statutory scheme is really the best thing going forward because the Nevada medical marijuana scheme protects people who are in the presence or vicinity of the medical use of marijuana. Use being defined pretty broadly as possession, manufacture, transportation. What do we know in the record about the background of this informant and who the informant is, and whether the informant had a track record of being credible or not? We know literally nothing about it. If you look at the search warrant application, the only information that that officer tells the judge is that this is a former CI. It was a telephone call, so there's no face-to-face interaction, no opportunity to observe him in terms of his credibility. And the only information he provides to the officer that he could kind of use to corroborate what he's saying is her residence. Now, if you look at whether or not you can place weight on information coming from a source, like in this case a former confidential informant, there is ---- you cannot give this confidential informant or former confidential informant any weight at all. There has to be ---- if there's corroboration, you can. And why do you think there was no corroboration in this case? Everything the informant said turned out to be true. If you look at the affidavit, the only predictive information, and I wouldn't even call it that, that the informant gives to the officer is where she lives. And if you look at the case law, and I think I'm thinking about United States versus Rowland, it's a Ninth Circuit case, we're talking about detailed predictive information, not information that's generally ascertainable to the public. So zero weight can be given to this informant, none at all. And if you go factual allegation by factual allegation through that search warrant application, you can see that once you add in this medical marijuana overlay, there's no probable cause. The C.I. or confidential informant, pardon me, can be given no weight here. The second piece of information is that Ms. Davidson tells the officer that there's marijuana in the home, and that's absolutely neutralized by information about the medical, about a resident being lawfully allowed to have that medical marijuana in the house. There is information about the grow in the shed. Again, that's totally neutralized by information about medical marijuana. So, you know. And the dog sniffed. Sorry. I knew I was missing something, which is why I was flipping. So the dog sniffed says nothing about who owns it, where it is, whether the So the dog sniff doesn't really give you anything other than it confirms what Ms. Davidson said, which is that there's marijuana in that house. So I'm being aware of my time. I have two minutes left. Thank you, Your Honor. Thank you. Good morning. William Reed, District of Nevada for the United States. Can you pull the microphone up a little bit? It will be easier to hear. Yes, Your Honor. Thank you. The district court in this matter correctly concluded that a Franks hearing was not necessary because even without the – even if the information about Mr. Dolinsky's medical marijuana status had been included in the affidavit, it would not have negated probable cause for the search warrant, regardless of that information. The court relied upon three things, that is, that the detective corroborated the informant's tip in this case, that the – Ms. Davidson, as the court has previously addressed. Well, let's talk about the CI first. I'm just trying to figure out your position on this, because to determine whether or not we give any weight to the CI, how can we do that if we don't know how the CI got the information, what his track record was or how to corroborate the information? It looks like he was a former or deactivated CI. We don't know how long ago that was. This occurred over the phone. All we know is that he went to that address and there was a car at that address that had that plate. But how has that, you know, survived the whole tipster analysis? Yes, Your Honor, you're correct. There really is no information about this confidential informant other than that. So it's nothing more than the equivalent of a phone call from somebody. I would suggest, Your Honor, it is at a level above that. It's not an anonymous phone call such as the case counsel refers to in her. Yes, but I mean deactivated could mean the person lied, stole, cheated, thieved. I mean, who knows? Deactivated, usually they don't deactivate informants unless there's some reason. And more often than not, the reasons don't inure to the credibility of the informant. That's correct, Your Honor, but that's why it was required that the detective corroborate to some degree the information that Ms. Davidson was driving a certain vehicle. Well, exactly right. The information in and of itself gets you nowhere. I don't see that it's on any different basis other than somebody calls up and said, X is selling marijuana out of the residence. And so then you have to start from there and you have to come up with significant corroboration in order to credit that at all. And I agree, Your Honor. That is correct. And there was enough corroboration in this case. I would submit from the predictive information about the vehicle that she would have marijuana and that she admitted to the marijuana was corroboration. So there was, it was not, though, an anonymous phone call such as from Florida versus J.L., which counsel refers to in her brief. Let's just say for purposes of argument, the CI doesn't lend a lot towards the whole materiality. What's your best case? If we take out the CI, what's, what do we look at? The word from the defendant's own mouth, that is that she possessed marijuana both in her car and her residence, Your Honor, which is what the district court hung its hat on in the case. That is our best. And she possessed, not he possessed. That's what the district court found, Your Honor. That's, that is correct. But you found that. I'm sorry. The district court found that based on what the detective told him. And the detective didn't tell him, apparently, from what I can see from the transcript of the probable cause colloquy or search warrant request, that she admitted right after, apparently, because it's the very next sentence in his report, that her boyfriend had marijuana based on the marijuana license available in Nevada. And I'm just trying to figure out if you could respond to counsel's argument, why would she offer that if it wasn't relevant to her statement of why there was, she possessed marijuana in her house? Your Honor, I don't know why. I can't answer why she said what she said. But what she did say and what the district court found was that she said she possessed marijuana in her car and in her residence. If that was just an aside that her boyfriend, maybe to minimize her role for some reason, I can't really address it. But the district court found clearly that she said, I have marijuana in my car and I have marijuana in my house. And maybe there was some sort of explanation on her part to minimize her role. But I can't. I assume you agree there's nothing in the record from her controverting this at all in connection with her request for an evidentiary hearing. That's correct. I do agree with that, Your Honor. It was not before the district court. It came to the district court in the form of basically undisputed until the time of the hearing, at which time there was, I will acknowledge counsel reading the record, did argue to some degree at the hearing that her client meant something other than I possessed it. But that was just an argument. It wasn't based on a declaration or anything like that. Yes, Your Honor. That's correct. So you think, based on her admission that she possesses marijuana in that context, that would have been enough for the district court or the Justice of the Peace to issue the warrant? The totality of the circumstances, the information, again, not relying exclusively on the informant's information, whereas the government couldn't, but the totality of the circumstances. But what other totality besides the C.I.? Just take out the C.I. for a minute. What other totality? Her direct admission, Your Honor, would be. Do you have anything beyond that? That, Your Honor, that is nothing beyond her admission to that possession of marijuana in her car and in her residence. So and the district court correctly found that that was sufficient. So what's your position today on the dog search? Your Honor, the dog sniff. I'm sorry. Your Honor, since at the time when this case was before the district court, that was good law. Since then, the Jardine's case has been released by the Supreme Court. The dog sniff is a search. It would have been a illegal search. However, it did not lend. It was superfluous. And I don't know that counsel disagrees with the government on that. It was essentially superfluous. All the probable cause had been established. Well, but the sniff's also explained because the boyfriend had marijuana, apparently, in the house, or that could have been an explanation for the sniff. Is that correct? The dog certainly, for any number of reasons, including the reason Your Honor suggests, could have alerted. However the But the detective didn't tell the Justice of the Peace that. That the dog had alerted? Well, the dog, that there would be, might be marijuana in the house for another reason other than that she possessed it, and that's because her boyfriend possessed it. That's correct. The detective did not provide that piece of information in the affidavit. And I might add, this is one, I don't know what difference, if any, it makes, but this is one of those telephonic search warrants, and it's a, it's, it is a narrative, but it's a, there's a state prosecutor who's asking questions, be that as it may, the information was not provided about the medical marijuana card. But the district court correctly found that even if it had, it would not have negated the probable cause to search both the car where she admitted to possessing marijuana and the residence. So the search warrant was for both the car and the residence. Your Honor, I see that my time is rapidly dissipating here. Unless the Court has any additional questions, I'll ask this Court to affirm the district court's finding that there was probable cause even. I just had one last question. So the warrant was for simple possession of marijuana or possession of marijuana or it wasn't for trafficking in marijuana or selling? The search warrant was styled felony possession of marijuana is the way the detective articulated it in the telephonic affidavit. Okay. Thank you. Thank you.  Thank you, Your Honor. May it please the Court. Your Honor, I'd just like to hit quickly on three points. One, the last question that Your Honor asked was about what the warrant was for. And I'll point out that the fact that the warrant was for felony possession of marijuana really illustrates, I think, in this case, maybe a fast and loose relationship with the truth. In the State of Nevada, to have a felony possession of marijuana, it's got to be your fourth offense or the amount has to be over an ounce. There is literally zero information that would go to this being a felony offense at all. There's no information as to quantity. There's no information as to her criminal history. Your Honor, in terms of the corroborating information from the confidential informant, the judge himself really has essentially acknowledged that this confidential informant should be given at least a little weight. He quotes Franks here for the proposition that you can't give a confidential informant any weight unless there is additional information that goes to his credibility and the basis of his knowledge. And finally, I think I want to emphasize the limited remedy that we are asking for, and that's an evidentiary hearing. There's been a lot of things said about Ms. Davidson's words and her words. What we know from the affidavit is that at least what the officer is saying is that she didn't admit to owning anything. Well, during the argument, did counsel ever say she never said that? All they did was argue about what it might mean. I mean, what's missing here, these aren't do-overs. What's missing here is something from her that says, I never said that. Your Honor, if we were to go after the credibility of the officer, it seems that they accepted the credibility of the officer in that respect and simply tried to interpret the words in a different way. Your Honor, we had a hearing as to whether or not we met the threshold requirement of sufficient preliminary showing. And without any sort of information from Ms. Davidson to even contradict it, what we know is that if the officer says what the – what we know is that the defendant had marijuana in the house, that's absolutely neutral as to ownership. Absolutely neutral. This is where I'm having a little bit of a problem, because you want us to draw the inference that because she said, I have marijuana in my car and I have marijuana in my house, and then in the next sentence she says, oh, and my boyfriend has a medical marijuana card. You want us to draw the inference that that could easily have been a neutral explanation. It really could have been her boyfriend's marijuana. Why didn't she say that? I mean, it would have been – instead of drawing the inference, isn't it just as likely that you could have a situation where she would say, well, there's marijuana in the car, it belongs to my boyfriend, there's marijuana in the house, he has a medical marijuana card, it belongs to him? Your Honor, we have no idea what she said, which is why we need an adventurer hearing. But that's the problem. That's what Judge Trott is saying. Even if – even if she said everything that the police officer tells the judge, he tells the judge she says she has marijuana in her house. Saying that I have – what if I were to tell a judge I have – or a police officer I have a prescription for Xanax. So you're accepting that she said what the police officers say she said? No. We're saying even if we do, we have made a sufficient preliminary showing to entitle Ms. Davidson to an evidentiary hearing. Let's get back to your just – your comment you just said. Just because I have Xanax doesn't mean it's mine. If you had a police officer who was looking at a bottle of Xanax or had some – there were some Xanax pills, and the police officer asked you, and if it wasn't yours, wouldn't you say, yes, I have Xanax and it's in my house, but it belongs to my brother. He's got a prescription. I believe that's what Ms. Davidson said according to the police report. She said basically there is Xanax in my house and my boyfriend has a prescription. And that is what we get from the police report. She doesn't say that. She just says my boyfriend has a medical marijuana license. She says there's – according to the police officer, she says there's marijuana in my house and my boyfriend has a medical marijuana card. She's saying he has a prescription for marijuana. We don't know the words. The officer doesn't purport to use her words. He doesn't use quotation marks. But even if you just go with that, there has been a sufficient preliminary showing to entitle Ms. Davidson to an evidentiary hearing. Sotomayor. Thank you very much. Thank you both for your arguments today. The case is now submitted.
judges: Ezra, Trott, Murguia